UNITED STATES of America,
Plaintiff–Appellee,

v.

Carlos Armando RIVAS–LOPEZ,
Defendant–Appellant.

No. 04–40692
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 17, 2005.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Rudy Xavier Rodriguez, Molly E. Odom, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM: *

Carlos Armando Rivas–Lopez appeals from his guilty-plea conviction for illegal reentry into the United States following deportation after an aggravated-felony conviction. For the first time on appeal, Rivas–Lopez argues that 8 U.S.C. § 1326(b) is unconstitutional on its face and as applied in his case because it does not require the fact of a prior felony or aggravated felony conviction to be charged in the indictment and proved beyond a reasonable doubt.

Rivas–Lopez acknowledges that his argument is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), but asserts that the decision has been cast into doubt by *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He seeks to preserve his argument for further review. *Apprendi* did not overrule *Almendarez–Torres*. *See Apprendi*, 530 U.S. at 489–90; *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir.2000). This court must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit*, 231 F.3d at 984 (internal quotation marks and citation omitted).

Rivas–Lopez also argues that, if *Almendarez–Torres* is overruled and if *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), applies to the federal sentencing guidelines, the district court violated his right to a trial by jury by enhancing his sentence based on his prior convictions, which were not submitted to a jury or admitted by Rivas–Lopez. *Almendarez–Torres* has not been overruled.

Also for the first time on appeal, Rivas–Lopez argues that his sentence should be vacated and the case remanded for resentencing in light of *United States v. Booker*, — U.S. —, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). He does not allege that a Sixth Amendment violation occurred but, instead, asserts that the district court would have imposed a lesser sentence under an advisory sentencing scheme. Rivas–Lopez's claim fails to meet the plain-error standard because he has not shown that the error affected his substantial rights. *See United States v. Valenzuela–Quevedo*, 407 F.3d 728, 733–34 (5th Cir.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2005), *petition for cert. filed* (July 25, 2005) (No. 05–5556).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.